# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PAYO, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO 08-1147 |
| | ) Magistrate Judge Bissoon |
| RAYMOND RUSTIN, *et al.*, | ) |
| Defendants. | ) |

## ORDER

David Payo is presently incarcerated at the Allegheny County Jail. He alleges he was assaulted by a guard on June 8, 2008, and thereafter was denied necessary medical treatment. Before the Court for resolution are Payo's motions for the appointment of counsel (Doc. 4), to preserve a video of the incident underlying the complaint (Doc.5), and to have Defendants schedule and pay for an MRI of Payo's spine.

The United States Court of Appeals for the Third Circuit set forth the standard to be applied by district courts when responding to a request for counsel pursuant to the provisions of 28 U.S.C. Section 1915(d) in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). The Tabron Court acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant. Id., at 157 n.7. The Court also recognized that when "[a]n indigent Plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration

should be given to appointing counsel." Id., at 156.  The Court of Appeals likewise addressed the practical constraints confronted by district courts regarding the appointment of counsel, which include the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.  Id., at 157.

The Court of Appeals also announced a series of factors that the trial court should consider and apply in ruling upon a motion for the appointment of counsel.  Id., at 155-56.  In this action, Payo alleges he was assaulted by a jail guard, and that he was not given proper medical treatment for the injuries he sustained to his back as a result of the assault.  A review of Payo's allegations in light of the factors announced in Tabron reveals the following:

   (1)   the particular legal issues are not
         difficult;

   (2)   the degree of need for a factual
         investigation can be adequately pursued by
         Plaintiff;

   (3)   there appears to be no particular problem
         confronting Plaintiff in pursuit of his
         claim;

   (4)   Plaintiff's claim will not require extensive
         or complicated discovery;

(5) part, but not all, of the case will be essentially decided by credibility issues; and,

(6) the case may require testimony from expert witnesses, but there is no need for an expert at this juncture.

Factors (5) and (6) weigh slightly in favor of, and the other factors weigh heavily against, appointing counsel. Payo's request for the appointment of counsel (Doc. 4), therefore, is DENIED.

Payo also seeks an order directing Defendants to preserve any video that may exist of his confrontations with Defendant Paige on June 8 and June 20, 2008 (Doc. 5). This motion is DENIED WITHOUT PREJUDICE to Payo's right to reassert it after Defendants have been served with the complaint.

Finally, Payo seeks an order directing Defendants to "order an MRI" and have him "examined by a specialist . . . experienced in the area of the spine." (Doc. 6). Again, however, Defendants have not yet been served. Further, even after they are served, Defendants are under no obligation to fund Payo's discovery, i.e., to pay for an expert's examination.[1] The motion (Doc. 6) is DENIED.

---

[1] The undersigned does not believe this motion to be a request by Payo for preliminary injunctive relief for three reasons. First, the motion is not styled as one for injunctive relief. Second, the motion does not contain any allegations of irreparable harm. Finally, although Payo alleges in his complaint that the failure to order an MRI is evidence of Defendants' deliberate indifference to his medical needs, he seeks only compensatory damages as relief.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

August 25, 2008                    s/Cathy Bissoon
                                   CATHY BISSOON
                                   UNITED STATE MAGISTRATE JUDGE

**Cc:**
**DAVID PAYO**
9330
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219