IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID PAYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1147 |
| | ) | Chief Judge Ambrose |
| | ) | Magistrate Judge Bissoon |
| RAYMOND RUSTIN, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants Rustin and Paige (Doc. 42) be granted in part and denied in part.

### II. REPORT

David Payo is a state prisoner currently incarcerated in the State Correctional Institution at Coal Township, Pennsylvania, who alleges that his civil rights were violated while he was incarcerated at the Allegheny County Jail. Payo alleges in Count I of his Amended Complaint that he was "pushed or kicked" by Defendant Paige who also "verbally assaulted" him on June 8, 2008 (Doc. 41, ¶ 17). In Count II, Plaintiff makes a claim against Defendant Patterson for denial of medical treatment. Count III of the Amended Complaint is addressed to Defendant Rustin, the Warden of the Allegheny County Jail, who is alleged to be liable for both Paige's and Patterson's actions. Defendants Paige and Rustin have filed a Motion to Dismiss limited to Plaintiff's excessive force allegations (Doc. 42) and Plaintiff has responded (Doc. 48). Defendant Patterson has not moved to dismiss.

A.   **Applicable Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008).  A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

B.   **Analysis.**

   1.   **Count I - Excessive force.**

The Eighth Amendment protects inmates against cruel and unusual punishment, but it does not protect an inmate against every minimal use of force. Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir.2002).  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973).[1]  More specifically, an excessive force claim requires factual allegations supporting "a reliable inference of wantonness in the infliction of pain." Thomas v. Ferguson, 361 F.Supp.2d 43, 438 (N.J.2004) (quoting Whitley v. Albers, 475 U.S. 312, 322 (1986)).  The central inquiry is "whether force was applied in a good-faith

---

1   The four-part test for excessive force claims set forth in Johnson had already been rejected by the Supreme Court in Graham v. Connor, 490 U.S. 386 (1989) at the time Hudson was decided.

2

effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Mensinger, 293 F.3d at 649. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." Brooks v. Kyler, 204 F.3d 102, 108-109 (3d Cir.2000).

Plaintiff alleges that he had back surgery on November 20, 2007, and that he was still recovering from that surgery on June 8, 2008, when Defendant Paige ordered him to leave the "Upper Tier" at the Allegheny County Jail and return to his cell (Doc. 41, ¶¶ 9, 13-14). Plaintiff complied with the order, but Paige allegedly directed "racial and insulting remarks" to Plaintiff on the way to the cell (Id., ¶16). Paige is alleged to have "pushed or kicked" Plaintiff, even though Plaintiff was already back in his cell (Id., ¶17). Paige then left the cell and closed the door, but continued to yell at Plaintiff, ultimately challenging Plaintiff to a fight (Id., ¶ 18). Plaintiff began experiencing increased pain and "pins and needles" in his back the following day (Id., ¶ 21).

Defendant Paige moves to dismiss the claim of excessive force against him on the basis that Plaintiff has conceded that there was a confrontation caused by Plaintiff's unauthorized presence on the Upper Tier. In Paige's view, the use of force was both minimal and justified in light of Plaintiff's admission that Paige was attempting to ensure that Plaintiff returned to his cell.

Plaintiff's assertion that he was unnecessarily "pushed or kicked" although he had complied with Paige's order is facially plausible. Additionally, his allegations concerning Paige's agitated state, along with the allegation of an injury to Plaintiff's back, is sufficient to make a claim of excessive force facially plausible.

Defendants' Motion to Dismiss, however, should be granted with respect to Plaintiff's allegations of verbal abuse. Such claims simply are insufficient to establish a violation of the Eighth Amendment. McCullough v. Miller, 2008 WL 4361254 *8 (W.D.Pa. 2008) (collecting cases).

### 2. Count III -Supervisory liability.

Defendant Rustin moves to dismiss on the basis that Plaintiff does not allege his personal involvement in the alleged assault by Defendant Paige. Supervisory liability may not be premised solely upon a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Rather, some personal involvement of the supervising official must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: (1) participated in violating a plaintiff's rights; (2) directed others to violate a plaintiff's rights; (3) knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or (4) knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995).

Here, Plaintiff alleges that Defendant Rustin has a policy or practice of failing to take action with respect to allegations of excessive force (Doc. 41, ¶ 54). This is a facially plausible claim that Defendant Rustin was aware of, and tolerated, past misconduct. The Motion to Dismiss should, therefore, be denied in this respect.

### III. CONCLUSION

It is respectfully recommended that the Motion to Dismiss filed by Defendants Rustin and Paige (Doc. 42) be granted in part and denied in part as stated above.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation

are due by September 30, 2009.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                                s/Cathy Bissoon
                                                CATHY BISSOON
                                                UNITED STATE MAGISTRATE JUDGE

**Cc:**
**DAVID PAYO**
HS7147
1 Kelly Drive
Coal Township, PA 17866 9330