IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PAYO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1147 |
| ) | Judge Ambrose |
| ) | Magistrate Judge Bissoon |
| RAYMOND RUSTIN, *et al*., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff in this prisoner's civil rights case alleges that he was denied necessary medical treatment while incarcerated at the Allegheny County Jail. He now files a Motion for Good Cause Order Waiving Fee for Medical Records (Doc. 76) asserting that his records of treatment after his release from the Allegheny County Jail and during his present incarceration by non-party Pennsylvania Department of Corrections are relevant to his claims against Defendants. Plaintiff asserts that he is unable to pay the required copying fees, and he seeks an order directing the Pennsylvania Department of Corrections to provide him copies of his medical records free of charge.

The Supreme Court has noted that the "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." United States v. McCollom, 436 U.S. 317, 321 (1976). The *in forma pauperis* statute, 28 U.S.C. § 1915, provides that a federal court may authorize the commencement and prosecution of a civil lawsuit "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). While the statute does not define what constitutes "fees"

within the meaning of its provisions, in <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993), the Court of Appeals for the Third Circuit held that "[t]here is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, **or any other litigation expenses**, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." <u>Id</u>. at 159 (emphasis added); <u>citing</u> <u>In re Richard</u>, 914 F.2d 1526, 1527 (6th Cir. 1990) (Section 1915 "does not give the litigant a right to have documents copied and returned to him at government expense."). Here, although Plaintiff has established his entitlement to proceed *in forma pauperis*, there is no statutory authority permitting the Court to direct that his discovery expenses be paid on his behalf.

In <u>Tabron</u>, the Third Circuit did acknowledge that a district court, as part of its "inherent equitable powers" in supervising discovery, maintains the "discretion to order an **opposing party** to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions." <u>Tabron</u>, 6 F.3d at 159 (emphasis added). Here, however, Plaintiff seeks to have the Court impose the cost of his discovery on a non-party. There is, in the Court's view, no authority to grant such relief. Further, the Court finds that even if its equitable powers grant it the ability to grant some form of relief in this case, Plaintiff has not demonstrated that such relief is warranted. Plaintiff has not established that copies of the medical records are required for him to prove his case, nor has he made any showing that he is unable to obtain those copies beyond his bare assertion that he lacks funds to pay the required fee.

AND NOW, this 25th day of March, 2010,

IT IS HEREBY ORDERED that Plaintiff's Motion for Good Cause Order Waiving Fee for Medical Records (Doc. 76) is DENIED.

IT IS FURTHER ORDERED that the parties are allowed until April 8, 2010 to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.

                                                s/Cathy Bissoon
                                                CATHY BISSOON
                                                UNITED STATE MAGISTRATE JUDGE

**Cc:**
DAVID PAYO
HS7147
SCI Retreat
660 US Route 11
Hunlock Creek, PA 18621