IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DAVID PAYO, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 08-1147<br>Chief Judge Ambrose<br>Magistrate Judge Bissoon |
| RAYMOND RUSTIN, *et al.*, | ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion for Summary Judgment filed by Defendants Rustin and Paige (Doc. 67) be granted, and that the Motion for Summary Judgment filed by Defendants Patterson, Dixon and Allegheny Correctional Health Services, Inc. (Doc. 68) be granted.

### II. REPORT

David Payo is a state prisoner currently incarcerated in the State Correctional Institution at Coal Township, Pennsylvania, who alleges that his civil rights were violated while he was incarcerated at the Allegheny County Jail. Payo alleges in Count I of his Amended Complaint that he was "pushed or kicked" by Defendant Paige who also "verbally assaulted" him on June 8, 2008 (Doc. 41, ¶ 17). In Count II, Plaintiff makes a claim against Defendant Patterson for denial of medical treatment. Count III of the Amended Complaint is addressed to Defendant Rustin, the Warden of the Allegheny County Jail, who is alleged to be liable for both Paige's and Patterson's actions.

1

A.      **Applicable Standard**

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*." Fed. Rule Civ. Proc. 56(e) (emphasis added). If the non-moving party cannot so demonstrate the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence, viewed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., at 251-52.

B.      **Analysis.**

   1.   **Count I - Excessive force.**

The Eighth Amendment protects inmates against cruel and unusual punishment, but it does not protect an inmate against every minimal use of force. Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973). Rather, the Eighth Amendment "excludes from constitutional recognition *de minimis* uses of physical force" so long as the use of such force is not "repugnant to the conscience of mankind." Hudson, 503 U.S. at 9-10 (citations omitted). An excessive force claim requires the presentation of facts that support "a reliable inference of wantonness in the infliction of pain." Thomas v. Ferguson, 361 F.Supp.2d 43, 438 (N.J. 2004) (quoting Whitley v. Albers, 475 U.S. 312, 322 (1986)).

Plaintiff alleges that he had back surgery on November 20, 2007, and that he was still recovering from that surgery on June 8, 2008, when Defendant Paige ordered him to leave the "Upper Tier" at the Allegheny County Jail and return to his cell (Doc. 41, ¶¶ 9, 13-14). Plaintiff complied with the order, but Paige allegedly directed "racial and insulting remarks" to Plaintiff on the way to the cell (Id., ¶16). Paige is alleged to have "pushed or kicked" Plaintiff, even though Plaintiff was already back in his cell (Id., ¶17). Paige then left the cell and closed the door, but continued to yell at Plaintiff, ultimately challenging Plaintiff to a fight (Id., ¶ 18). Plaintiff began experiencing increased pain and "pins and needles" in his back the following day (Id., ¶ 21).

Plaintiff offered further details of the event during his deposition. As Plaintiff was entering his cell, Paige "pushed" him in the middle of the back (Doc. 65-1, pp. 6-8). Asked to describe the push, Plaintiff testified "I felt a push, made me go forward more than I was going on my own." (Id., p. 7).

Plaintiff has presented evidence that Paige was angry at him, from which a jury could infer that the push was "malevolent." But, even accepting Plaintiff's version of events, and giving him every reasonable inference from the evidence, this case simply does not permit "a reliable inference of wantonness in the infliction of pain." A similar case that the Court finds persuasive is <u>Reyes v. Koehler</u>, 815 F.Supp. 109 (S.D.N.Y. 1993) (Sotomayor, J.). Plaintiff Reyes alleged that he was assaulted by other inmates and that, after the altercation was over and at a time when there was no need for the application of force, a prison guard shoved him against a wall thereby "worsening" the head injury he suffered at the hands of the other prisoners. "Defendant's pushing plaintiff against a wall, as described by plaintiff, was a momentary act, 'of such limited duration as to belie any inference of malicious or sadistic intent to cause harm.'" <u>Id</u>.,

at 114, quoting Mathis v. Lewis, 1986 WL 6005 at *2 (S.D.N.Y. May 19, 1986) (Sweet, J.). The same is true in this case – Plaintiff was subjected to a "momentary" use of *de minimis* force.

It must be remembered that a convicted person's Eighth Amendment protection against excessive force "is nowhere nearly so extensive as that afforded by the common law tort action for battery." Johnson, 481 F.2d at 1033. Here, the force used was unquestionably *de minimis*. Plaintiff's own description of his reaction to the shove by Paige establishes that the shove was so minor that it was hardly sufficient to knock him off balance. Therefore, Plaintiff cannot make out a constitutional violation unless the shove in his back is a type of force that is "repugnant to the conscience of mankind." Hudson, 503 U.S. at 9-10. Another quote from Johnson seems to have been written specifically about this case. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." 481 F.2d at 1033. The *de minimis* force used in this case is not the type that can reasonably be viewed as repugnant to the conscience of mankind and, accordingly, Defendant Paige is entitled to summary judgment.

    **2.**    **Count III - Supervisory liability.**

Defendant Rustin is entitled to summary judgment because there is no underlying constitutional deprivation for which he can be found liable. Further, Plaintiff has failed to present any evidence that Rustin approved of or acquiesced in Paige's conduct. See, Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (some personal involvement of the supervising official must be shown); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995) (No supervisory liability for Section 1983 absent evidence of, *inter alia*, knowledge of or acquiescence in, subordinates' violation of a plaintiff's rights). Rather, Plaintiff's response to the

motion (Doc. 75, pp. 13-14) makes clear that Plaintiff is improperly attempting to hold Rustin liable on the basis of *respondeat superior*.

   3.   **Medical Defendants' Motion**

Plaintiff alleges that he was denied appropriate treatment for his back condition while incarcerated at the Allegheny County Jail from December 24, 2007, through October 28, 2008, when he was transferred to state custody. More specifically, Plaintiff asserts that a microdiscectomy was performed in November, 2007, before his incarceration, but that his condition worsened after his incarceration both due a fall down stairs at the Jail on December 28, 2007, and during the June 8, 2008 altercation with Defendant Paige (Doc. 3, ¶¶ 11-12, 19). Dr. Patterson is alleged to have denied Plaintiff's request for an MRI of his back on June 9, 2008 (Doc. 3, ¶ 23).

Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id. Generally speaking, an **intentional** refusal to provide **any** medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992). However, where medical treatment is offered, proof of an opinion difference between a patient and a doctor, or between two medical professionals, does not amount to "deliberate indifference to a serious medical need." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) ("there may . . . be several acceptable ways to treat an illness."); Young, 960 F.2d at 358 n.18 (superceded by statute on other grounds) (an inmate's disagreement with prison

personnel over the exercise of medical judgment does not state a claim for relief under section 1983).

The medical records submitted by the Medical Defendants (Defendants Patterson, Dixon and Allegheny Correctional Health Serviced, Inc.) establish that Plaintiff was examined and treated for his back pain numerous times while incarcerated at the Jail (Docs. 69-1, 69-2, 69-3). He was prescribed various medications from the treatment of pain including Librium, Flexeril, Motrin, Vicodin, Ultram (Doc. 69-2, pp. 27, 32; Doc. 69-3, pp. 6-11; Doc. 69-4, pp. 5, 52). On June 9, 2008, Plaintiff was examined by Dr. Patterson who ordered an x-ray of Plaintiff's back (Doc. 69-3, pp. 6-7). Degenerative changes were noted in the L4 and L5 area of the spine (Doc. 69-3, p. 8) and Plaintiff was prescribed Ultram, Flexeril and Tylenol 3 (Doc. 69-3, p. 7).

Plaintiff has presented no evidence that he was ever denied treatment for his back pain. Instead, the records reflect that he was examined and offered treatment for each complaint he made while incarcerated at the Allegheny County Jail. Plaintiff complains that he was not provided an MRI after his alleged June 8, 2008 injury, and that he was not given sufficient pain medication. "The Eighth Amendment does not guarantee a prisoner's choice of a physician, a mode of treatment or a place of treatment, nor does or could it guarantee a particular outcome." Brownlow v. Chavez, 871 F.Supp. 1061, 1064 (S.D.Ind. 1994) (internal citations omitted); Gamble, 429 U.S. at 107 (failure of medical defendants to order x-ray for complaints of back pain does not state a claim for deliberate indifference where other treatment was provided). Plaintiff has not presented evidence that would permit a jury to conclude that the Medical Defendants were deliberately indifferent to his complaints of back pain. The motion for summary judgment should be granted.

## III. CONCLUSION

It is respectfully recommended that the Motion for Summary Judgment filed by Defendants Rustin and Paige (Doc. 67) be granted, and that the Motion for Summary Judgment filed by Defendants Patterson, Dixon and Allegheny Correctional Health Services, Inc. (Doc. 68) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by September 9, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

Date: August 26, 2010                              s/Cathy Bissoon
                                                   CATHY BISSOON
                                                   UNITED STATE MAGISTRATE JUDGE

**Cc:**
**DAVID PAYO**
HS7147
1 Kelly Drive
Coal Township, PA 17866-9330